NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELAINE IRIS KASSIN, | : | |
| Plaintiff, | : | Civil Action No. 11-5009 (JAP) |
| v. | : | |
| COMPUCOM, INC., et al., | : | **OPINION** |
| Defendants. | : | |

This matter comes before the Court on the motions of Defendants Apex Systems, Inc. and CompuCom, Inc. (collectively, "Defendants") to dismiss or, in the alternative, to transfer this matter to the United States District Court for the Eastern District of Virginia. Plaintiff Elaine Iris Kassin opposes the motions. For the reasons set forth below, Defendants' motions to dismiss will be granted.

**I.    BACKGROUND**[1]

On February 18, 2011, Plaintiff entered into a Contract Employee Agreement ("Agreement") with Apex Systems, Inc. ("Apex"), a Virginia corporation engaged in the business of placing contract employees with third party businesses. The Agreement provided that Plaintiff would be assigned on a temporary basis to serve as a Project Manager on assignment for CompuCom, Inc. ("CompuCom"). She was to be paid $49 per hour for all hours worked and verified by CompuCom, and was scheduled to commence her assignment on February 22, 2011. Pursuant to the express terms of the Agreement, Plaintiff could be

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from Plaintiff's complaint unless otherwise indicated; they do not represent this Court's factual findings.

terminated "at any time, with or without cause, for any reason or no reason," and the length of her assignment was "subject to the will of [CompuCom]. Agreement, ¶ 3.[2] The Agreement further provided that Virginia law governed its terms and that all disputes brought under the Agreement must be commenced in Virginia.

Shortly after beginning her assignment with CompuCom—which took place at Deutsche Bank's Jersey City, New Jersey offices—Plaintiff complained that she was not performing the roles that she thought she was hired to perform. Specifically, she complained that, despite being hired to serve as a Project Manager, she was actually working in a "business analyst/engineering position." Compl. ¶ 1. She alleges that CompuCom and Apex were both aware of this discrepancy when they hired her, and that the hiring manager at Deutsche Bank confirmed that Plaintiff was working in a "business analyst/engineering position," not as a Project Manager. On March 11, 2011, Plaintiff's assignment and employment were terminated.

Plaintiff subsequently filed a complaint against Apex and CompuCom on July 27, 2011. Therein, she asserts causes of actions for (1) breach of contract; (2) fraud; and (3) defamation and "unlawful blackballing." In addition to seeking compensation in connection with the alleged breach of her contract term, Plaintiff also requests punitive damages in the amount of $50 million. On September 9, 2011, Apex filed the instant motion. CompuCom joined in Apex's motion on September 26, 2011.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court set

---

[2] The Agreement is attached to Plaintiff's complaint. In reviewing a motion to dismiss, the Court can properly consider the "complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50).

3

### III. DISCUSSION

#### A. Breach of Contract Claim

Plaintiff first alleges a breach of contract claim against Apex and CompuCom. As the basis for her claim, she contends that her termination on March 11, 2011 was without notice, and that, while on assignment for CompuCom, she performed roles that were not consistent with the roles for which she was hired. Specifically, she alleges that, despite being purportedly hired to serve as a Project Manager, she actually worked in a "business analyst/engineering position." Compl. ¶ 1.

As an initial matter, Plaintiff's breach of contract claim fails for the simple reason that she was an at-will employee who could be terminated at any time and for any reason. As explicitly set forth in the Agreement she signed, Plaintiff could be terminated "at any time, with or without cause, for any reason or no reason," and the length of her assignment was "subject to the will of [CompuCom]." Agreement, ¶ 3. Thus, in light of her status as an at-will employee,[3] Plaintiff's breach of contract claim based upon her termination must be dismissed.

Additionally, Plaintiff's allegations as to the perceived discrepancy between the role she was hired for and the role she actually performed while on assignment for CompuCom are without merit. In addition to being contradicted by the very documents Plaintiff attaches to her complaint and relies upon in support of her claims,[4] Plaintiff has not alleged that she suffered any damages in connection with the alleged breach. Indeed, she does not contest that she was paid the agreed-upon wages for her time worked as set forth in the Agreement. *See* Compl. 6;

---

[3] Plaintiff neither contests that her employment was at-will nor makes any colorable argument to rebut the presumption of at-will employment.
[4] Contrary to her allegations that she was informed and understood that she was working in a "business analyst/engineering position," Plaintiff states in contemporaneous emails attached to her complaint that she was told and understood that she was working as a project manager, albeit in a "junior" capacity. *See* Compl.

4

Agreement, at 2.[5]  Thus, because Plaintiff's employment was at-will and because she cannot demonstrate that any damages resulted from her alleged placement in a role other than that of a Project Manager, her breach of contract claim must be dismissed.

    B.    <u>Fraud Claim</u>

In Count One of her complaint, Plaintiff also asserts a claim for fraud.  In support of that claim, she relies on the same allegations she set forth in support of her breach of contract claim.  To state a claim for fraud under New Jersey law,[6] a plaintiff must allege: (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damage.  *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir. 2007) (citing *Gennari v. Weichert Co. Realtors,* 148 N.J. 582 (1997)).  Pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff must plead "with particularity the circumstances constituting [the] fraud."  Fed. R. Civ. P.  9(b).

Here, as a threshold matter, Plaintiff's fraud claim is subject to dismissal because it is entirely duplicative of her contract claim.  *See, e.g., Dandana, LLC v. MBC FZ-LLC*, 2011 WL 5412952, at *10 (D.N.J. Nov. 7, 2011); *Perkins v. Wash. Mut., FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009).  Additionally, Plaintiff fails to allege—with particularity or otherwise—the requisite elements to state a claim for fraud.  *See Frederico*, 507 F.3d at 200.  Particularly, Plaintiff does not allege any misrepresentation of material fact, and, in light of her status as an at-will employee and the payment by Defendants of her agreed-upon wages, Plaintiff cannot show

---

[5] As set forth above, the Agreement provided that Plaintiff would be paid $49 per hour for all hours worked and verified by CompuCom.  She admits that she was paid this amount, and her claim for damages in the amount of the balance of her wages under the six-month assignment is without merit: as per the Agreement, she is an at-will employee and, in any event, expressly agreed that she is not entitled to payment for time that she did not work.

[6] New Jersey law applies to Plaintiff's fraud and defamation claims because those claims are not expressly governed by the choice-of-law provision in the Agreement.  The Court notes, however, that the requirements for those claims under Virginia law closely parallel those of New Jersey; thus, under either state's law, Plaintiff's claims fail.  *See Richmond Metro Auth. V. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558 (1998); *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148 (1994); *Jordan v. Kollman*, 269 Va. 569, 575 (2005).

reasonable reliance or resulting damages.  Thus, because her fraud claim is both duplicative and meritless, it must be dismissed.

      C.      <u>Defamation Claim</u>

Plaintiff also asserts a claim for defamation and "unlawful blackballing."  She alleges that Apex's stated reason for her termination—namely, "inappropriate behavior and unsatisfactory job performance, including but not limited to excessive personal calls, e-mail correspondences, and general socializing during work hours"—was false, and that she was actually terminated because of CompuCom's and Apex's "gross mismanagement and fraudulent behavior."  Compl. ¶ 2.

A claim for defamation must include allegations of "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher."  *Leang v. Jersey City Bd. of Educ.,* 198 N.J. 557, 585 (2009) (quoting *DeAngelis v. Hill,* 180 N.J. 1, 13 (2004)).  Statements of opinion generally enjoy absolute immunity.  *Id.*

Here, Plaintiff fails to state a cognizable defamation claim.  With regard to the first element of her prima facie case, the statement upon which Plaintiff bases her claim is primarily comprised of opinions that enjoy immunity.  *Id.*  Additionally, Plaintiff has not alleged that the statement was communicated to anyone other than her, thus failing to satisfy the second element of publication, and makes no allegation of fault on the part of CompuCom or Apex. [7]

---

[7] Even if Plaintiff could allege a prima facie case of defamation, the statement on which she bases her claim is protected by a qualified privilege.  *See Erickson v. Marsh & McLennan Co.*, 117 N.J. 539, 563-65 (1990).  Moreover, no cause of action exists for "unlawful blackballing."

Accordingly, Plaintiff's defamation claim must be dismissed along with her breach of contract and fraud claims.[8]

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss will be granted.  An appropriate Order will follow.

/s/ JOEL A. PISANO  
United States District Judge

Dated: March 15, 2011

---

[8] The Court notes that Plaintiff's complaint is also subject to dismissal in light of the forum selection clause included in the Agreement she executed.  *See, e.g.*, *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289 (3d Cir. 2001)("a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum"); *Capital Pizza Huts, Inc. v. Enjoy the City North, Inc.*, 2011 WL 4478516 (D.N.J. Sep. 23, 2011).  Additionally, because none of the causes of action Plaintiff asserts in her complaint can survive the instant motion to dismiss, her punitive damages claim necessarily fails.